IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELE D. M., | ) |
|     Plaintiff, | ) No. 24 C 2810 |
| v. | ) Magistrate Judge M. David Weisman |
| MARTIN O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Michele D. M. appeals the Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

### Background

On June 9, 2021, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 79-117.) Plaintiff appealed to the Appeals Council, which denied review (R. 1-6), leaving the ALJ's decision as the final decision of the Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since May 19, 2019, the alleged disability onset date. (R. 84.) At step two, the ALJ found that plaintiff has the severe impairments of complex regional pain syndrome, obesity, and status post-bariatric surgery. (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or equals a listed impairment. (R. 85.) At step four, the ALJ found that plaintiff has the RFC to perform her past relevant work and thus is not disabled. (R. 86-90.)

The ALJ said this about plaintiff's mental functioning:

> In finding anxiety to be a nonsevere impairment, I have considered the broad functional areas of mental functioning set out in the disability regulations for evaluating mental disorders and in the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1). These four broad functional areas are known as the "paragraph B" criteria: understanding, remembering, or applying information, interacting with others, concentrating, persisting, or maintaining pace, and adapting

2

> or managing oneself. The evidence fails to establish moderate, marked, or extreme limitations in any of these functional domains. Notably, there is no indication of any cognitive limitations or significant deficits in memory; the claimant is able to communicate effectively and maintains relationships with family and friends and uses social media; the claimant completes a range of tasks in her daily life – though she reports that these are affected by her physical symptoms – she is able to order groceries, prepare meals, play games, and travel independently; and she is generally able to meet the demands of her daily life independently without notable interference from psychological symptoms. Because the claimant's medically determinable mental impairment of anxiety causes no more than "mild" limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities, it is nonsevere (20 CFR 404.1520a(d)(1)).
>
> The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment. The following residual functional capacity assessment reflects the degree of limitation I have found in the "paragraph B" mental function analysis.

(R. 85.) The ALJ did not, however, provide "a more detailed assessment" of plaintiff's mental limitations when she formulated the RFC (*see* R. 86-89), which plaintiff contends is error.

The Commissioner argues that there is no error because there is no evidence that plaintiff's mental limitations cause any functional loss that needed to be addressed in the RFC. But the ALJ did not say there was no evidence of functional loss. Rather, she said that plaintiff's mental impairment caused "a minimal limitation" on her ability to perform work activities, without identifying which functions were impacted or to what extent. (R. 85.) The Seventh Circuit has said that "[an] ALJ must consider the combination of all limitations on the ability to work, including those that do not individually rise to the level of a severe impairment," when determining an RFC, and "[the] failure to fully consider the impact of non-severe impairments requires reversal." *Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010); *see Thomas G. v. Kijakazi*, No. 20-CV-5860, 2022 WL 4234967, at *5 (N.D. Ill. Sept. 14, 2022) ("If the ALJ intended to incorporate restrictions

3

caused by [plaintiff's] mild mental limitations into the RFC, she was obligated to explain how she did so. Conversely, if the ALJ believed that the mild mental limitations did not merit a non-exertional limitation in the RFC, she was obligated to explain that conclusion."). Because the ALJ did not account for plaintiff's mental limitations in the RFC or explain why she failed to do so, this case must be remanded.

## Conclusion

For the reasons set forth above, the Court grants plaintiff's motion for summary judgment [ECF 12], denies the Commissioner's motion for summary judgment [ECF 15], reverses the Commissioner's decision and, pursuant to the fourth sentence of 20 U.S.C. § 405(g), remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**  **ENTERED:  October 23, 2024**

**M. David Weisman**
**United States Magistrate Judge**